## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

KIERA S. JACKSON                                                          PLAINTIFF
*ADC #156189*

v.                              No: 2:26-cv-00014-KGB-PSH

GRAY, *et al.*                                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kiera S. Jackson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 20, 2026, while incarcerated at the Arkansas Division of Correction's Delta Regional Unit (Doc. No. 2).[1] The Court granted Jackson *in forma*

---

[1] Jackson is now at the Southwest Arkansas Community Correction Center. Doc. No. 4.

*pauperis* status and gave him the opportunity to file an amended complaint (Doc. No. 5).  He has filed an amended complaint (Doc. No. 7).  For the reasons described below, the Court finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.   28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the

facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Jackson describes several claims, all of which fail to describe an actionable claim under § 1983.

First, Jackson complains that he was improperly housed at the Delta Regional Unit by Chicot County Sheriff Ron Nichols. Doc. No. 7 at 4. He indicates that he was a pre-trial detainee and should not have been housed with convicted prisoners. *Id.* Jackson also claims he was placed in a suicide watch cell instead of general population at one point. *Id.* However, he provides no additional facts to support a claim that his constitutional rights were violated based on the location of his incarceration. And a prisoner has no constitutional right to be housed in the prison unit of their choice. *See Saylor v. Nebraska*, 812 F.3d 637, 646 (8th Cir. 2016), *as amended* (Mar. 4, 2016) (quoting *Goff v. Burton,* 7 F.3d 734, 737 (8th Cir. 1993)).

Second, Jackson complains that an unnamed dentist at the Delta Regional Unit negligently pulled the wrong tooth or teeth. Doc. No. 7 at 4-5. Jackson fails to

describe sufficient facts to state a viable constitutional claim against the unnamed dentist – he only states that the dentist's actions were negligent.  Intentional conduct, rather than negligence, is required to sustain a § 1983 claim.  *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)).  Jackson describes no facts to support a claim that any individual was deliberately indifferent to a substantial risk of harm to him or deliberately indifferent to his serious medical needs.[2]  Jackson also alleges that the unnamed dentist and a nurse named Broome forged his name on a consent form allowing the extraction of the tooth/teeth.  Doc. No. 7 at 5.  This allegation does not describe a viable constitutional claim.  The falsification of medical records generally does not give rise to a § 1983 claim, in the absence of other facts showing deliberate indifference to one's medical needs.  *See Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *11 (D. Neb. Sept. 16, 2019) (citing *Ruggiero v. Canfield*, No. 14-

---

[2] To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) she had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  *See also Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").

CV-00307A(F), 2017 WL 9485692, at *15 (W.D.N.Y. Mar. 23, 2017), *report and recommendation adopted*, No. 14-CV-307-A(F), 2017 WL 5152178 (W.D.N.Y. Nov. 7, 2017); *Phillips v. Borders*, No. EDCV 16-01568-MWF (JDE), 2017 WL 10543562, at *5 & n. 1 (C.D. Cal. May 5, 2017)).

Third, Jackson sues defendant Warden Gray at the Delta Regional Unit relating to a slip and fall on a wet shower floor on September 5, 2025.  Doc. No. 7 at 6.  He claims that the fall was caused by the shower drainage being out of order and asserts there should have been notices posted to warn inmates of the "disorders of any drains …" *Id.*  He also claims to have suffered injuries from a fall at the Delta Regional Unit that happened when "after using and flushing the toilet, water leaked causing the floor to be wet from flushing …" *Id.* at 7.  Jackson claims that Warden Gray was negligent for failing to provide "a safe surrounding or working toilets …" *Id.* These allegations are insufficient to state constitutional claims because they sound in negligence, not intentional wrongdoing.  *See Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming dismissal of inmate's slip and fall claim, which amounted to no more than negligence); *Jorsch v. Faulkner Cnty. Det. Ctr.*, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537251, at *2 (E.D. Ark. Feb. 1, 2021), *report and recommendation adopted*, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537235 (E.D. Ark. Feb. 12, 2021) (dismissing claim that plaintiff "slipped and fell because there were no wet floor signs," for failure to state a plausible § 1983 claim,

because it alleged, "at most, . . . a state law cause of action for negligence").[3]

Finally, to the extent Jackson attempts to bring state law tort claims for negligence, the Court should decline to exercise jurisdiction over such claims. *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity."). *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").

### III.  Conclusion

It is therefore recommended that:

1.      Jackson's alleged constitutional claims be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2.      The Court decline to exercise supplemental jurisdiction over any state

---

[3] *See also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (holding that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law," and "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.' ") (citation omitted).

law negligence claims and dismiss such claims without prejudice; and

     3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

     IT IS SO RECOMMENDED this 8th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE